IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEPHEN DANIEL NODINE,          :

     Petitioner,          :

                               CIVIL ACTION 12-0302-CG-M

v.          :

                         CRIMINAL ACTION 10-00098-CG-M

UNITED STATES OF AMERICA,          :

     Respondent.          :


REPORT AND RECOMMENDATION


Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 100) and Respondent's Motion to Dismiss (Doc. 105).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 105) be granted, that Petitioner's Motion to Vacate (Doc. 100) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Stephen Daniel Nodine.  It is further recommended that, if

1

Petitioner files a certificate of appealability, then it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was indicted on May 27, 2010 for being an unlawful user of and addicted to a controlled substance while knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(3) (Doc. 1).  On October 28, 2010, Nodine entered into a plea agreement (hereinafter *Agreement*) in which he pled guilty to count one as charged; included in the Agreement was a factual resume setting out the factual circumstances supporting the indictment (Doc. 70).  Nodine signed and dated the Agreement; Nodine and his attorney, Gordon G. Armstrong, III, signed and dated the factual resume (Doc. 70).  On that same date, United States District Court Judge Callie V. S. Granade accepted the plea and found Petitioner guilty (Doc. 71).  On April 25, 2011, Judge Granade sentenced Petitioner to three years imprisonment as well as three years of supervised release following his release from prison, and an assessment of one hundred dollars (*see* Doc. 93).

On May 9, 2011, Nodine filed notice of appeal of his conviction (Doc. 92).  Less than two months later, however, Petitioner voluntarily dismissed the appeal (see Doc. 99).

On May 1, 2012, Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in which he

raised a single claim:  18 U.S.C. § 922(g)(3) is
unconstitutional as it was applied to him (Doc. 100).  On June
22, 2012, Respondent filed a Motion to Dismiss this action (Doc.
105).  Though given the opportunity to file a reply brief (Doc.
101), Nodine has not done so.

The single claim raised by Petitioner in this action is
that 18 U.S.C. § 922(g)(3) is unconstitutional as it was applied
to him.  That statute states that

> It shall be unlawful for any person--
>
> ***
>
> who is an unlawful user of or addicted to
> any controlled substance (as defined in
> section 102 of the Controlled Substances Act
> (21 U.S.C. § 802))
>
> ***
>
> to ship or transport in interstate or
> foreign commerce, or possess in or affecting
> commerce, any firearm or ammunition; or to
> receive any firearm or ammunition which has
> been shipped or transported in interstate or
> foreign commerce.

18 U.S.C. § 922(g)(3).  In bringing this action, Nodine has
asserted that this statute "unjustificably [sic] burdens his
Second Amendment rights as a matter of fact and law" (Doc. 100,
p. 5).  Petitioner has further asserted that the statute, while
intruding on his second amendment rights, "does not

substantially further a government interest" (*id.*).

Respondent has argued in its Motion to Dismiss that Nodine's claim is barred from review because he waived it in his plea agreement (Doc. 105, pp. 5-6).  The Eleventh Circuit Court of Appeals has held that "where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced." *United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *see also United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994).  The "core concern" for the Court in this analysis is "the defendant's knowledge and understanding of the sentence waiver."  *Bushert*, 997 F.2d at 1351.

Court documents show that Nodine entered into a Plea Agreement that was filed with the Court on October 28, 2010 (Doc. 70).  There is a section in the Agreement entitled "Limited Waiver of Right to Appeal and Waiver of Collateral Attack" which states as follows:

> As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to

4

vacate, set aside, or correct sentence under
28 U.S.C. § 2255.  Accordingly, the
defendant will not challenge his guilty
plea, conviction, or sentence (including a
sentence imposed on revocation of probation
or supervised release) in any district court
or appellate court proceedings.
    a.  **EXCEPTIONS.**  The defendant reserves
the right to timely file a direct appeal
challenging:
        (1) any sentence imposed in excess
of the statutory maximum;
        (2) any sentence which constitutes
an upward departure or variance from
the advisory guideline range.

(Doc. 70, ¶ 20) (emphasis in original).

The Court further notes that, in the Agreement, Petitioner states that he "understands that the statements he makes under oath in the plea of guilty must be completely truthful" (Doc. 70, ¶ 3).  Nodine goes on to say that he "is not under the influence of alcohol, drugs, or narcotics.  He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow" (*id.* at ¶ 5).  Petitioner later states that he has an attorney who has helped him negotiate and understand the Plea Agreement (*id.* at & 6).  The Agreement also states as follows:

This plea of guilty is freely and
voluntarily made and is not the result of
force, threats, promises, or

5

> representations, apart from those
> representations set forth in this Plea
> Agreement.  There have been no promises from
> anyone as to the particular sentence that
> the Court will impose.  The defendant is
> pleading guilty because he is guilty.

(Doc. 70, ¶ 9).  As noted earlier, the Agreement was signed by
Nodine (Doc. 70).

At the plea colloquy before Judge Granade, Petitioner
stated that he had not been treated recently for illness or
addition to any drug and that he was not currently under the
influence of any drug, medication, or alcoholic beverage (Doc.
103, p. 3).  He went on to state that he had discussed the
charges against him with his attorney, that he understood those
charges, and that he was fully satisfied with the advice given
him by his attorney (*id.* at pp. 3-4).  Petitioner acknowledged
that he was familiar with the Plea Agreement and the attached
factual resume, that he had discussed it with his attorney, and
that he had signed it (*id.* at p. 4).  Nodine went on to say that
he understood the terms of his plea agreement and that no one
had made any other promise to him in exchange for his guilty
plea (*id.* at pp. 4-5).  Petitioner stated that he was pleading
guilty of his own free will because he was guilty (*id.* at p. 5).
Nodine stated that he understood that, pursuant to his
Agreement, he had only a limited right of appeal and that he had

waived his right to collateral attack of his conviction (*id.* at pp. 7-8).  Petitioner then pled guilty to the charge against him (*id.* at p. 9).

The Court notes that "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864 (1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

In this action, Petitioner has not asserted that he did not knowingly and voluntarily enter into his plea agreement, so that is not an issue in this Court.  The Court also notes, in that Agreement, that Nodine specifically waived his right to challenge the sentence except under certain circumstances; those circumstances have not arisen in this action.  The Court finds that Petitioner has waived his right to raise the claim brought in this action under *Medlock* and *Rogers*.

Nodine raised a single claim in this petition.  However, he waived the right to bring that claim in making his plea agreement.  Therefore, it is recommended that Respondent's Motion to Dismiss (Doc. 105) be granted, that this Motion to Vacate (Doc. 100) be denied, that this action be dismissed, and

that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Stephen Daniel Nodine.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  As Nodine has waived the right to bring this claim, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner

should be allowed to proceed further.  *Slack* 529 U.S. at 484

("Where a plain procedural bar is present and the district court

is correct to invoke it to dispose of the case, a reasonable

jurist could not conclude either that the district court erred

in dismissing the petition or that the petitioner should be

allowed to proceed further").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied.

It is further recommended that, if Petitioner files a

certificate of appealability, then it be denied as he is not

entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the
clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
*Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.
Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

A party may object to a recommendation entered by a

9

magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed de novo and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     DONE this 5th day of September, 2012.


                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE